IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVE TURNER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-00137 |
| | § | JURY |
| WELLINGTON CLAIM SERVICE, INC., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant PALOMAR SPECIALTY INSURANCE COMPANY ("Palomar") files its Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division, on the basis of diversity of citizenship, improper joinder and amount in controversy, and respectfully shows the following:

**I.     PROCEDURAL BACKGROUND**

1.     On May 2, 2018, Palomar accepted liability for its agents in the event Plaintiff filed suit regarding this dispute. Despite Palomar's pre-suit acceptance of Wellington Claim Service Inc.'s ("Wellington") potential liability pursuant to the Texas Insurance Code, on September 10, 2018, Plaintiff David Turner ("Turner" or "Plaintiff") filed his Original Petition in a case styled *Dave Turner v. Wellington Claim Service, Inc.;* Cause No. CV1813709 pending in the 253rd Judicial District Court for Liberty County, Texas and named Wellington as the defendant – a party he is prohibited from suing.

2.     On February 15, 2019, Plaintiff filed his First Amended Original Petition naming Wellington and Palomar as Defendants. This was the first pleading naming Palomar as a

1

Defendant. Palomar's first notice of the lawsuit was when it received a copy of the Plaintiff's First Amended Original Petition on February 15, 2019.

3. Palomar files this notice of removal within 30 days of receiving Plaintiff's First Amended Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** The State Court's Docket Sheet;
- **Exhibit 2:** Plaintiff's Original Petition;
- **Exhibit 3:** Plaintiff's First Amended Original Petition;
- **Exhibit 4:** Defendant Wellington Claim Service, Inc.'s Original Answer to Plaintiff's Original Petition;
- **Exhibit 5:** List of Parties, Counsel and Other Information; and
- **Exhibit 6:** Palomar's Corporate Disclosure Statement and Certificate of Interested Parties

## II.   BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.  Plaintiff and Defendant Palomar are diverse.**

7**.** **Plaintiff,** Dave Turner is an individual residing in Liberty County, Texas.

8**.** **Defendant,** Palomar Insurance Company is and was at the time the lawsuit was filed, an Oregon domiciled insurance company with its principal place of business in California. Palomar is therefore not a citizen of the State of Texas for diversity purposes.

9. Co-Defendant Wellington Claim Service, Inc. is a citizen of the State of Texas. Concerning the claims against Wellington, however, it is Palomar's position that Plaintiff improperly joined Wellington as a Defendant. Specifically, Palomar accepted Wellington's liability pursuant to Chapter 542A.006 of the Texas Insurance Code **before** Plaintiff filed this lawsuit. Therefore, as explained below, the Court must disregard Wellington's Texas citizenship to evaluate diversity in this matter.

10. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Palomar.

**B. Plaintiff improperly joined Defendant Wellington Claim Service, Inc. in this lawsuit.**

11. For the claims against defendant adjusting company Wellington, it is Palomar's position that Plaintiff improperly joined Wellington in this action and it is, therefore, not a proper party to this lawsuit. Consequently, the Court should disregard Wellington's Texas citizenship to evaluate diversity in this matter. The doctrine of improper joinder ensures that the presence of improperly joined, non-diverse defendants do not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

12. The Fifth Circuit explained that a removing party could establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*). Under the second method, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The Fifth Circuit's *en banc* decision in

*Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

13. A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting *Smallwood*, 385 F.3d at 573). "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.* at *7.

14. If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7. The court further stated that "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in state court language.[1] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to

---

[1] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d at 573. This test does not mention a state pleading standard.

4

relief that is plausible on its face.'"" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).

15. On May 2, 2018, Palomar accepted liability for its agents in the event Plaintiff filed suit regarding this insurance dispute. Despite Palomar's acceptance of liability **before** the filing of this lawsuit by Plaintiff on September 10, 2018, Plaintiff continued to name Wellington as a party and continued to name Wellington in his First Amended Original Petition filed on February 15, 2019.  Plaintiff's attempt to name Wellington violates Tex. Ins. Code 542A.006. Specifically, Chapter 542A.006 provides:

(a)  Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

(b)  If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.

16. Consequently, no causes of action can exist against Wellington under the expressed terms of Texas Insurance Code 542A.006.  For these reasons, Plaintiff improperly joined Wellington, and complete diversity exists between Palomar and Plaintiff.

17. Based upon the preceding, it is clear that Plaintiff improperly joined Wellington in this lawsuit to defeat diversity jurisdiction.

**C. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

18.     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

19.     Plaintiff has seemingly attempted to frustrate this Court's federal diversity jurisdiction as the First Amended Original Petition states Plaintiff seeks $56,629.89 in policy proceeds <u>on each of his causes of action</u> against the Defendant. [*See* Plaintiffs' First Amended Original Petition, Paragraph 37].  Plaintiff also seeks 18% interest, unqualified compensatory damages for emotional distress, and punitive damages, as well as attorney's fees and costs. Given the nature of the case, Plaintiff's damage model exceeds the requisite jurisdictional threshold of $75,000 at the time of removal.

20.     Palomar has shown by the preponderance of the evidence that Plaintiff's amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

21.   Palomar received service of this lawsuit on February 15, 2019.  Thus, Palomar is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

22.   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

23.   Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

24.   Promptly after Palomar files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

25.   Promptly after Palomar files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Liberty County District Court pursuant to 28 U.S.C. §1446(d).

26.   Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Wellington Claim Service, Inc. consents to this removal.

### IV.   CONCLUSION

27.   Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant, Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:   */s/ George Arnold*
    **George H. Arnold,** *Attorney-in-Charge*
    State Bar No. 00783559
    garnold@thompsoncoe.com
    **Susan Sparks Usery**
    State Bar No. 18880100
    susery@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, L.L.P.
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone: (713) 403-8210
    Facsimile: (713) 403-8299

-and-

**Michael W. Ramirez, Jr.**
State Bar No. 24067830
mramirez@postonlawfirmpllc.com
POSTON LAW FIRM, P.L.L.C.
6745 Calmont Avenue
Fort Worth, Texas 76116
Telephone: (817) 697-3176
Facsimile: (817) 697-3618

**ATTORNEYS FOR DEFENDANTS PALOMAR SPECIALTY INSURANCE COMPANY and WELLINGTON CLAIM SERVICE, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2019, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Mark J. Beausoleil
PO Box 663
Liberty, TX 77575-0663
mjbeausoleil@gmail.com
*Attorney for Plaintiff*

    */s/ George Arnold*
    George H. Arnold

6751208v1
09601.784