FILED
2/15/2019 10:10 AM
Delia Sellers
District Clerk
Liberty County, TX
Destiny Hinton

NO. CV1813709

| | | |
|---|---|---|
| **DAVE TURNER**<br>**Plaintiff,** | § § § § | **IN THE DISTRICT COURT** |
| **V.** | § § | **253rd JUDICIAL DISTRICT** |
| **WELLINGTON CLAIM SERVICE, INC.**<br>**Defendant** | § § § | **OF LIBERTY COUNTY, TEXAS** |

## FIRST AMENDED PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Dave Turner, hereinafter referred to as Plaintiff, complaining of and about Palomar Specialty Insurance Company, hereinafter referred to as Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Dave Turner, is an Individual whose address is 17702 Hwy 146 N. Liberty, Texas 77575.

3. Defendant Wellington Claim Service, Inc., a Limited Liability Company based in Texas, may be served with process by serving the registered agent of said company, Paul R. Poston, 6801 Calmont Ave., Fort Worth, Texas 76116, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

4. Defendant Palomar Specialty Insurance Company is a Foreign Limited Liability Company allowed to do business in Texas, may be served with process by serving the registered agent of said company, CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas 75201.

**EXHIBIT 3**

Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

5. Venue and jurisdiction are proper in the Court in which this suit was originally filed by virtue of Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and Liberty County is where all or part of the real property is located.

## FACTS

6. On or about March 25, 2017, Defendant issued to Plaintiff an insurance policy, No. PIC14491. Among other things the policy provided in part that Defendant would indemnify Plaintiff for any harm caused to Plaintiff's property located at 17702 Hwy 146 N., Liberty, Texas 77575.

7. On August 28, 2017, while the policy was in full force and effect, Plaintiff suffered the following loss to the property due to hurricane Harvey: extensive exterior and interior damage, including the roof. The amount of the damage caused by hurricane Harvey is $56,629.89.

8. On or about August 28, 2017, Plaintiff notified Defendant of the damage to Plaintiff's property and demanded Defendant to indemnify them for the damage to the property, pursuant to the indemnity provisions of the policy. Defendant, acted in bad faith in adjusting Plaintiff's claim when they inspected the property to estimate the damage, and subsequently, failed to adequately indemnify the Plaintiff for the entire scope of the damage based on the adjustment.

9. As a result of the Defendant's bad faith actions and failure to deal fairly with the Plaintiff and adequately indemnify the Plaintiff for the loss, Plaintiff were deprived of $56,629.89 due under the policy, could not completely repair the property, and lost the use and enjoyment of the property due to not having adequate funds to repair the damaged property.

10. Plaintiff was forced to hire an attorney to demand payment from the Defendant for the damage to the property created by a covered peril in the policy. Plaintiff sent Defendant a demand for payment in the amount of $56,629.89 minus deductibles and for immediate payment for hurricane Harvey damage to the property. Defendant has failed to attempt in good faith to deal fairly with Plaintiff to effectuate a prompt, fair, and equitable settlement of the claim when the Defendant's liability, under the policy, has become reasonably clear.

11. Defendant has not indemnified Plaintiff for the loss more than eleven months after the loss occurred. Defendant's delay in paying Plaintiff's claim breached their duty of good faith and fair dealing, under the policy, since Defendant has no reasonable cause for the delay and knew or should have known it had no reasonable cause. Under these circumstances, a person or insurance company of ordinary care and prudence would not have delayed payment of the claim for three months. Based on Plaintiff's status as its holder and beneficiary, under the policy, Defendant owed Plaintiff a duty of good faith and fair dealing.

12. Based on the acts described in this Complaint, Defendant knew that they would cause financial and emotional injury to Plaintiff, carried out their adjustment of Plaintiff's claim with a conscious disregard of their right to the proceeds of the policy and subjected the Plaintiff to cruel and unjust hardship in conscious disregard to the Plaintiff's right to the

proceeds of the policy.

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT)

As a cause of action against Defendant, Plaintiff further alleges as follows:

13. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of the Petition as set forth in full.

14. Plaintiff paid all premiums due under the policy and performed all other conditions the policy required them to perform.

15. Defendant's expressed and/or implied representation to act in good faith and thoroughly investigate and process any claims Plaintiff may make on the policy of insurance with Defendant was material to the formation of the contract of insurance with Defendant.

16. Defendant is in breach of said contract of insurance and, as a result, Plaintiff has incurred monetary damages as aforesaid and Defendant is therefore liable for all damages suffered by Plaintiff.

Therefore, Plaintiff seeks judgment as prayed for below.

## SECOND CAUSE OF ACTION

## (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

As a cause of action against Defendant, Plaintiff further alleges as follows:

17. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of the Petition as set forth in full.

18. Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiff would show that in adjusting Plaintiff's claim Defendant acted unreasonably in delaying payment of Plaintiff's claim in the following respects: Defendant has not yet paid

Plaintiff's claim eleven months after the loss and after Plaintiff notified Defendant of the demand for the estimated damage.

19. Defendant's delay in paying Plaintiff's damage breached its duty of good faith and fair dealing, since it had no reasonable cause for the delay and knew or should have known it had no reasonable cause. Under these circumstances, a person of ordinary care and prudence would not have delayed payment of the claim for over four months.

20. Under the policy and based on Defendant's status as its holder and beneficiary, Defendant owed Plaintiff a duty of good faith and fair dealing in adjusting and paying Plaintiff's claim for fire damage.

21. All conditions precedent to Plaintiff's recovery under the policy have been performed.

22. As a result of Defendant's breach of the policy, Plaintiffs have suffered damages as alleged herein.

Therefore Plaintiff seeks judgment as prayed for below.

### THIRD CAUSE OF ACTION
### (DECEPTIVE TRADE PRACTICES ACT)

As a cause of action against Defendant, Plaintiff further allege as follows:

23. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of the Petition as set forth in full.

24. Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiff would show that Plaintiff is consumers as that term is defined by the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in that Plaintiff sought and/or acquired by purchase and/or lease goods and/or services from Defendant.

25. Plaintiff would further show that their assets do not exceed Twenty-Five Million Dollars ($25,000,000.00) as required for them to be protected by the DTPA.

26. Plaintiff would further show that they made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the DTPA.

27. Plaintiff would further show that Defendant's actions, as more fully set forth above, constitute violations of Sections 17.50(a)(1), (3), and (4) of the DTPA. Specifically, Defendant breached the express terms of the insurance policy governing Plaintiff's claims and violated Chapter 541 of the Texas Insurance Code by failing to investigate the basis of said claims and pay benefits as set forth in the factual background above. Further, Plaintiff would show that the above-described conduct further constitutes false, misleading and deceptive acts and practices in violation of Sections 17.46(b)(5) and (12) of the DTPA.

28. Defendant committed the aforementioned acts knowingly and/or intentionally entitling Plaintiffs to additional damages under the DTPA. Further, Plaintiff relied on Defendant's representations.

29. Defendant's acts were a producing cause of Plaintiff's damages.

30. As a result of Defendant's breach of the policy, Plaintiff has suffered damages as alleged herein.

Therefore Plaintiff seeks judgment as prayed for below.

## FOURTH CAUSE OF ACTION
## (TEXAS INSURANCE CODE)

As a cause of action against Defendant, Plaintiff further alleges as follows:

31. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of the Petition

as set forth in full.

32. Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiff would show that Defendant violated Texas Insurance Code, Section 541.151(1), 541.060(a)(1), (2)(A), (3), and (7), Section 541.061, and Section 541.151(2) by engaging in an unfair and deceptive course of conduct by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement when liability had become reasonably clear, failing to investigate the basis of said claims and pay benefits as set forth in the factual background above, misrepresenting to a claimant a material fact of policy provision relating to coverage, and failing to provide promptly to Plaintiff a reasonable explanation of the factual and legal basis in the policy for its denial of policy proceeds and its withholding of depreciation, which precluded Plaintiff from receiving timely benefits. Specifically, Plaintiff asserts that Defendant failed to promptly pay the amount of loss determined by its adjuster as required by the terms and conditions of the insurance policy, and further that Defendant withheld payments for depreciation, all of the foregoing without conducting a reasonable investigation prior to denying said benefits.

33. Plaintiff would further show that they have made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the Insurance Code.

34. Defendant committed the aforementioned acts knowingly and/or intentionally entitling Plaintiff to additional damages under the Texas Insurance Code. Further, Plaintiff relied on Defendant's representations.

35. Defendant's acts were a producing cause of Plaintiff's damages.

36. As a result of Defendant's breach of the policy, Plaintiff has suffered damages as alleged herein.

Therefore Plaintiff seeks judgment as prayed for below.

**PRAYER FOR RELIEF**

37. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, were caused to suffer the following damages:

Plaintiffs pray for judgment as follows:

### A. First Cause of Action (Breach of Contract)

On Plaintiff's first cause of action Plaintiff pray for damages against Defendant:

1. For $56,629.89 in policy proceeds for actual damages;
2. For emotional distress;
3. For attorney's fees and costs according to proof;
4. For such other relief as the Court may deem just.

### B. Second Cause of Action (Breach of Duty of Good Faith and Fair Dealing)

On Plaintiff's second cause of action Plaintiff pray for damages against Defendant:

1. For $56,629.89 in policy proceeds for actual damages;
2. For emotional distress;
3. For punitive damages;
4. For attorney's fees and costs according to proof;
5. For such other relief as the Court may deem just.
6. Eighteen (18%) percent interest for prejudgment interest.

### C. Third Cause of Action (Deceptive Trade Practices Act)

On Plaintiff's third cause of action Plaintiff pray for damages against Defendant:

1. For $56,629.89 in policy proceeds for actual damages;

2. For emotional distress;

3. For punitive damages;

4. For attorney's fees and costs according to proof;

5. For such other relief as the Court may deem just.

6. Eighteen (18%) percent interest for prejudgment interest.

### D. Fourth Cause of Action (Texas Insurance Code)

On Plaintiff's fourth cause of action Plaintiff pray for damages against Defendant:

1. For $56,629.89 in policy proceeds for actual damages;

2. For emotional distress;

3. For punitive damages;

4. For attorney's fees and costs according to proof;

5. For such other relief as the Court may deem just.

6. Eighteen (18%) percent interest for prejudgment interest.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Dave Turner, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: _____
Mark J. Beausoleil
Attorney at Law
P.O. Box 663, Liberty, Texas 775
Texas Bar No. 00795242
Tel. (936)336-6275
Fax. (936)336-2266
Attorney for Plaintiff
Dave Turner

**PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY**